**FILED**
MAR 14 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

08-CR-706-W

| | |
|---|---|
| UNITED STATES OF AMERICA, | Magistrate Case No. 08MJ8108 |
| Plaintiff, | |
| v. | FINDINGS OF FACT AND ORDER OF DETENTION |
| Saul Alejandro VALENCIA-Estrada, | |
| Defendant. | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on February 13, 2008, to determine whether defendant Saul Alejandro VALENCIA-Estrada (Defendant), should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney Caleb Mason, appeared on behalf of the United States; Matthew Hagen, of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services Officer, and the criminal complaint issued against the Defendant on February 6, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant is required.

///
///
///

I

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

   1.   The Defendant is charged in Criminal Complaint No. 08MJ8108 with Deported Alien Found in the United States, in violation of Title 8, United States Code, § 1326 and Title 18, United States Code, § 751(a) Escape. Therefore, probable cause exists to believe the Defendant committed the charged offense.

   2.   Title 8, United States Code, Section (b)(1) is punishable by a maximum of 10 years. 18 U.S.C. 751(a) is punishable by imprisonment of not more than 5 years. According to the United States Sentencing Guidelines, Title 8 U.S.C. § 1326, the resulting offense level is 8. Title 18, U.S.C. § 751(a) according to the United States Sentencing Guidelines is 13. The Defendant's criminal history score places him in Criminal History Category II. As a result, the sentencing rage for the Defendant is 4-10 months for the offense of Title 8 U.S.C. § 1326 Deported Alien Found in the Unites States and a consecutive sentence of 15-21 months for the violation of Title 18, U.S.C. § 751(a) Escape.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

   1.   On February 4, 2008, U.S. Border Patrol Agent (BPA) G. Powers apprehended Defendant, approximately 7 miles east of the Calexico, California Port of Entry, as he was driving a 1992 Honda Accord with four illegal aliens. The vehicle entered a residential area and all occupants absconded. Defendant was apprehended and arrested. Defendant admitted to transportation of illegal aliens and stated he was to be paid $50.00 for each smuggled alien. Defendant admitted he had previously been arrested for alien smuggling and had spent 18 months in prison for a previous conviction. Defendant complained of a foot injury and was taken to El Centro Regional Hospital for treatment. While being treated for his foot injury, Defendant escaped from custody and absconded from the area. On February 6, 2008, a Warrant for Arrest was issued for Defendant by the United States District Court, Southern District of California.

   3.   On February 11, 2008, BPAs observed a 1987 Lincoln Towncar being driven by a person who matched Defendant's description. BPAs began following the vehicle as it traveled on Imperial Avenue in El Centro, California. The vehicle stopped at the Imperial Valley Mall, at the

AM/PM Gasoline Station, in a parking spot away from the gas pumps. BPAs conducted a felony vehicle stop based on their visual observations. Defendant stated that his name was Saul Alejandro VALENCIA-Estrada, and that he was a Mexican citizen without legal immigration documents that would allow him to be in or remain in the United States. Defendant was informed there was a warrant for his arrest issued. Defendant's passenger Gilberto MARTINEZ-Miranda stated he was a United States citizen and was subsequently released once his immigration status was confirmed.

    C.    History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)

        1.    The Defendant is a Citizen of Mexico.

        2.    The Defendant resides in Mexico.

        3.    The Defendant has no immigration status to live in the United States.

    D.    Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)

        1.    The Defendant has the following criminal history:

        05/01/06 - 8 U.S.C. § 1326 - 18 months custody, 36 months supervised release.

## II

## REASONS FOR DETENTION

A.    There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint No. 08MJ8108, namely, Deported alien Found in the United States (Felony), in violation of Title 8, United States Code, § 1326 and Escape, in violation of Title 18, United States Code, § 751(a).

B.    The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee. Furthermore, the Defendant is a Mexican Citizen and has no legal right to live or work in the United States. Therefore, this Court views the Defendant as a danger to the community.

C.    The Defendant was admitted to supervised release at the time of the alleged offense.

D.    There is probable cause to believe the Defendant escaped from custody at the time of his detention.

E.    Based upon the Court's findings there is no condition or combination or conditions that will reasonably assure the appearance of the Defendant as required.

III

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: _3-14-08_.

---
HON. PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

_/s/ Caleb Mason_
Caleb Mason
Assistant U. S. Attorney

cc: Matthew Hagen
    Federal Defenders of San Diego, Inc.