KAREN P. HEWITT
United States Attorney
SHIREEN M. BECKER
Assistant United States Attorney
California State Bar No. 237930
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-2911
Facsimile: (619) 557-5551
shireen.becker@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAUL ALEJANDRO VALENCIA-ESTRADA**,<br><br>        Defendant-Petitioner,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>        Plaintiff-Respondent. | Civil Case No.    08 CV 1094 W<br><br>Criminal Case No.   08 CR 0706 W<br><br>**UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT-PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255** |

COMES NOW the Plaintiff-Respondent, the UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Shireen M. Becker, Assistant United States Attorney, and hereby files its response and opposition to Defendant-Petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**I.**

**INTRODUCTION**

On June 16, 2008, Defendant-Petitioner Saul Alejandro Valencia-Estrada ("Petitioner") filed a motion for a reduction of his federal sentence under 28 U.S.C. § 2255 on equal protection grounds. On June 26, 2008, the Court ordered the United States to file a return to the petition by September 12, 2008. Thereafter, on July 3, 2008, Petitioner filed an amended motion under 28 U.S.C. § 2255, which this Court accepted.

The United States hereby files its return and requests that the Court deny the petition on any

of the following grounds: First, Petitioner voluntarily and knowingly waived his right to appeal or collaterally attack his conviction and sentence in his plea agreement with the United States. Second, Petitioner is precluded from attacking his conviction and sentence via collateral attack because he failed to pursue a direct appeal. Finally, even if the Court reaches the merits of Petitioner's equal protection claim, there is no basis to grant relief because there has been no constitutional deprivation of Petitioner's equal protection rights.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 4, 2008, and again on February 11, 2008, Petitioner, a citizen and national of Mexico, unlawfully entered or attempted to enter the United States. On February 11, 2008, Petitioner was arrested and subsequently charged in a criminal complaint for, *inter alia*, violating 8 U.S.C. § 1326, Deported Alien Found in the United States. See Exhibit 1 (Complaint, filed on February 12, 2008). On March 11, 2008, Petitioner waived indictment and a 2-count information was filed, charging him with 8 U.S.C. § 1325, Illegal Entry (misdemeanor) and 8 U.S.C. § 1325, Illegal Entry (felony). See Exhibit 2 (Information, filed on March 11, 2008).

On April 21, 2008, pursuant to a written Plea Agreement, see Exhibit 3, Petitioner entered a guilty plea to both charges listed in the two-count information, waived his right to a pre-sentence report, and requested immediate sentencing. This Court then followed the sentencing recommendation in the Plea Agreement and sentenced Petitioner to 30 months imprisonment (6 months imprisonment for Count 1, to run consecutively to 24 months imprisonment for Count 2). Exhibit 4 (Judgment, page 2).

On June 16, 2008, Petitioner filed a motion for reduction of sentence pursuant to 28 U.S.C. § 2255. On June 26, 2008, this Court issued an order setting briefing schedule, instructing the United States to respond to Petitioner's claim. Thereafter, on July 3, 2008, Petitioner filed an amended motion for reduction of sentence pursuant to 28 U.S.C. § 2255.

**III.**

**ARGUMENT**

**A.     Petitioner Waived his Right to Collaterally Attack his Conviction and Sentence**

Prior to pleading guilty, Petitioner and the United States entered into a written Plea Agreement. Exhibit 3. The Plea Agreement was signed by the United States, Petitioner, and Petitioner's court-appointed counsel. Petitioner also initialed each page of the Plea Agreement. Id. Page 3, paragraph 12, of that written Plea Agreement states, in relevant part:

> In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence . . .

At the Rule 11 colloquy held on April 21, 2008, this Court specifically asked Defendant if he signed, read and understood all the terms of the written Plea Agreement. Exhibit 5 (Reporter's Transcript at 4:6-23). Defendant stated that he understood the Plea Agreement, that he had ample time to discuss the Plea Agreement with his attorney, and that everything in the Plea Agreement had been explained to him in his native language of Spanish. Id. At the end of the plea and sentencing proceedings, Petitioner's attorney specifically confirmed Petitioner's waiver of appeal, and the Court accepted this wavier. Id. at 10:15-19.

The Ninth Circuit Court of Appeals has upheld the validity of waivers of appeal and has determined that "public policy strongly supports plea agreements, such as the one made by [Petitioner]." United States v. Navarro-Bataille, 912 F.2d 318, 321 (9th Cir. 1990), cert. denied, 112 S. Ct. 1488 (1992). It is well settled that where a defendant agrees to plead guilty in exchange for a favorable recommendation from the Government, that is all to which he is entitled. United States v. Henderson, 565 F.2d 1119, 1121-22 (9th Cir. 1977). Negotiating such waivers is a proper and sensible part of the plea bargaining process and helps ensure the important benefit of finality. Navarro-Bataille, 912 F.2d at 322.

"An express waiver of the right to appeal in a negotiated plea agreement is valid if knowingly and voluntarily made." United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir. 1994) (quoting United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991)). As long as the sentence imposed was in accordance with the plea agreement, no exception exists to the waiver of

3

1 the right to appeal. See Bolinger, 940 F.2d at 480.

2 A waiver of appeal cannot be circumvented by filing a motion pursuant to 18 U.S.C. § 2255.
3 United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  In Abarca, the defendant asked the
4 district court to reduce his sentence due to newly discovered, partially exculpatory evidence.  The
5 Ninth Circuit affirmed the district court's finding, reiterating the holding in United States v.
6 Navarro-Bataille, 912 F.2d 318, that a knowing and voluntary waiver of a right to appeal is valid.
7 Such a waiver applies to proceedings initiated under Section 2255.  Abarca, 985 F.2d at 1014.

8 In the instant case, with the advice and consent of his attorney, Petitioner entered into a
9 written Plea Agreement with the Government in which he agreed to waive any right to appeal or
10 collaterally attack his sentence.  Exhibit 3.  At his Rule 11 colloquy, Petitioner acknowledged that he
11 had read the Plea Agreement and understood it.  See Exhibit 5.  Because the Court sentenced
12 Petitioner according to the terms of the Plea Agreement, Petitioner waived his right to appeal or
13 collaterally attack his sentence.  Navarro-Bataille, 912 F.2d at 321-22.

14 The Government upheld its end of the bargain and complied with the terms of the Plea
15 Agreement.  This Court should enforce Petitioner's waiver and deny his motion for a reduction of
16 sentence pursuant to Section 2255.

17 **B.    Petitioner's Motion is Barred by his Failure to Pursue a Direct Appeal**

18 A second reason that Petitioner's motion should be denied is that a collateral attack,
19 including a motion under 28 U.S.C. § 2255, is generally not available for a claim not raised on direct
20 appeal.  In United States v. Schlesinger, the Ninth Circuit held that a motion brought pursuant to 28
21 U.S.C. § 2255 arguing nonconstitutional sentencing error is barred by a movant's failure to appeal.
22 49 F.3d 483, 487 (1995) ("[N]onconstitutional sentencing errors that have not been raised on direct
23 appeal have been waived and generally may not be reviewed by way of 28 U.S.C. § 2255"); see also
24 United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir. 1996) ("We have consistently held that a
25 Section 2255 petitioner cannot challenge nonconstitutional sentencing errors if such errors were not
26 challenged in an earlier proceeding.") (internal citations omitted).  This default rule is a doctrine
27 adhered to by courts in order to conserve judicial resources and to respect the law's interest in the
28 finality of judgments.  Massaro v. United States, 538 U.S. 500, 504 (2003).

1 | Here, Petitioner did not directly appeal his sentence or conviction – nor could he under the terms of the Plea Agreement. Petitioner's motion should, therefore, be denied on this ground as well.

### C. There has been No Equal Protection Violation

Finally, even if the Court were to reach the merits of Petitioner's claim, there is no reason to disturb the conviction or sentence in this case. Petitioner's claims previously have been rejected by the Ninth Circuit Court of Appeals in McLean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999). There, the Ninth Circuit considered claims similar to the ones raised by Petitioner and rejected them on both equal protection and due process grounds.

As here, the petitioner in McLean claimed that his equal protection rights were violated because he was excluded from participating in certain Bureau of Prisons programs, including the residential drug treatment program. As the Ninth Circuit explained in McLean, the Bureau of Prisons does not allow individuals with particular types of detainers to participate in certain programs because they pose a heightened flight risk – this includes illegal aliens, who are subject to further immigration proceedings upon their release from custody.

In considering the claim, the Ninth Circuit concluded that the appropriate class for equal protection analysis was "prisoners with detainers," not aliens. Id. at 1185-86. Applying a rational basis review, the Ninth Circuit held that the practice was permissible because the detainer exclusion rationally promoted "the BOP's legitimate interest in preventing prisoners from fleeing detainers while participating in community treatment programs." Id. at 1186.

Because Petitioner – an illegal alien – faces an immigration detainer, he is likely ineligible for participation in a drug treatment program while in custody. Despite his potential ineligibility for such a program, there is no equal protection violation provided that Petitioner is treated equal to all other prisoners with detainers. See McLean, 173 F.3d at 1185-86. Accordingly, the Court should deny Petitioner's motion for a reduction in sentence pursuant to 28 U.S.C. § 2255 on equal protection grounds.

5

## III.

## CONCLUSION

For the reasons stated above, Petitioner's request for relief under 29 U.S.C. § 2255 should be denied.

DATED: September 2, 2008.

                                                  Respectfully submitted,

                                                  KAREN P. HEWITT
                                                  United States Attorney

                                                  /s/ *Shireen M. Becker*

                                                  SHIREEN M. BECKER
                                                  Assistant United States Attorney