# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case Number 08cr0706W |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PLEA AGREEMENT |
| | ) | (Fast-Track) |
| SAUL ALEJANDRO VALENCIA-ESTRADA, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
APR 2 1 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  DEPUTY

Plaintiff United States of America, and defendant, SAUL ALEJANDRO VALENCIA-ESTRADA, with the advice and consent of defense counsel identified below, agree that this document sets forth the full and complete plea agreement between the parties.

1. **Agreement Pursuant to Early Disposition (Fast-Track) Program**. The disposition contemplated by this agreement is pursuant to an early disposition (fast-track) program authorized by the Attorney General of the United States and the United States Attorney for this District.

    a. **Fast-Track Program Requirements**. The concessions by and recommendations of the United States in this agreement are based on defendant's compliance with the following program requirements, to which defendant specifically agrees. In exchange for the Government's concessions defendant: (1) waives the right to be indicted by a grand jury; (2) will not file/argue any substantive motions, including those described in Federal Rule of Criminal Procedure 12; (3) will plead guilty to the charge(s) described in paragraph two below within 60 days of arraignment on the complaint initially filed against defendant ("arraignment"); (4) agrees to immediate sentencing; (5) waives the right to appeal or collaterally attack the plea, conviction, or sentence; and (6) as set forth in paragraph 11 below, stipulates and agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official, and unconditionally waives all rights to appeal, reopen, or collaterally attack the order of removal. Defendant understands that the removal order will not be executed until defendant has completed any criminal sentence in this or any other case.

    b. **Timeliness/Offer Revocation**. This disposition is conditioned further on (1) the original plea agreement being signed by defendant and defense counsel and returned to Government counsel not later than five business days before the disposition date set by the court at the continued preliminary hearing, and (2) the guilty plea being entered on or before April 14, 2008. Further, in the event that defendant seeks a delay of the disposition to a date beyond 60 days of arraignment, or otherwise failed to comply with these timeliness requirements, the United States may in its sole discretion revoke the disposition offer contained in this plea agreement and seek defendant's indictment on the underlying charge(s).

2. **The Plea, Penalties, Waivers and Representations**. Defendant will plead guilty to an Information charging two counts of violating Title 8, United States Code, Section 1325 ("the guilty plea"). Count One, a misdemeanor, carries a maximum penalty of six months' imprisonment, a $5,000 fine and a $10 special assessment. Count Two, a felony, carries a maximum penalty of two years' imprisonment, a $250,000 fine, a $100 special assessment, one year supervised release, and alleges that defendant committed said offense on or about February 11, 2008. In exchange for defendant's guilty plea as described above, the Government agrees not to prosecute defendant under Title 8, United States Code, Section 1326.

    a. Defendant understands that under this guilty plea defendant waives the right to:

    (1) continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;
    (2) a speedy and public trial by jury;
    (3) the assistance of counsel at all stages of trial;
    (4) confront and cross-examine adverse witnesses;
    (5) present evidence and to have witnesses testify on behalf of defendant; and
    (6) testify or not have any adverse inferences drawn from the failure to testify.

Page 1 of 4 Pages                                    Def. Initials: SAVE

    b.    Defendant also represents that:

        (1) Defendant has had full opportunity to discuss all the facts and circumstances of this case with defense counsel, and has a clear understanding of the charges and the consequences of this plea;
        (2) No one has made any promise or offered any rewards in return for this guilty plea, other than those contained in this agreement;
        (3) No one has threatened defendant or defendant's family to induce this guilty plea; and
        (4) Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

3. <u>Defendant Acknowledges No Pretrial Right To Be Provided With Impeachment And Affirmative Defense Information</u>. The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will continue to provide such information establishing the factual innocence of defendant. Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raises an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

4. <u>Nature of the Offense</u>.

    a.    <u>Elements Explained</u>. Defendant understands that the offense to which defendant is pleading guilty has the following elements:

        (1) Defendant was not a citizen of the United States;
        (2) Defendant unlawfully entered or attempted to enter the United States at a time and place other than as designated by immigration officers, or eluded examination and inspection by immigration officers, or attempted to enter or obtained entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact; and,
        (3) Defendant committed the offense alleged in Count Two subsequent to commission of any such offense.

    b.    <u>Factual Basis and Relevant Conduct Information</u>. Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The parties further agree that the following facts are true and undisputed and may be considered as relevant conduct under United States Sentencing Guidelines (Guidelines or USSG) § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1). Defendant specifically admits and agrees that, on the dates alleged in Counts One and Two of the Information:

        (1) Defendant was not a citizen of the United States;
        (2) Defendant unlawfully entered or attempted to enter the United States at a time and place other than as designated by immigration officers, or eluded examination and inspection by immigration officers, or attempted to enter or obtained entry to the United States by a willfully false or misleading representation or the willful concealment of a material fact;
        (3) Defendant committed the offense alleged in Count Two subsequent to committing the offense alleged in Count One; and
        (4) Defendant admits and agrees further that he was lawfully deported and removed on February 5, 2007, after suffering a prior aggravated felony conviction on May 1, 2006 for Smuggling Illegal Aliens, in violation of Title 8 United States Code § 1324, in the United States District Court of Arizona, which results in the 16-level increase in offense level set forth in paragraph 5 below.

5. <u>Applicability of Sentencing Guidelines - Parties' Guideline Calculations</u>. Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the Guidelines and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that they are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. Although the parties understand that the Guidelines are only advisory and just one of the factors the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties agree that USSG § 2L1.2 applies in this case and that the Sentencing Guidelines are to be computed as follows.

Page 2 of 4 Pages         Def. Initials: Save

MAR. 3. 2009 3:08PM    ATTORNEY (COUNCIL)               NO. 3408    P. 10/11
Case 3:08-cr-00706-W   Document 24-4   Filed 09/02/2008   Page 4 of 5
Case 3:08-cr-00706-W   Document 18   Filed 04/21/2008   Page 3 of 4

including the Specific Offense Characteristic ("SOC") for being deported and removed after a prior aggravated felony conviction pursuant to USSG § 2L1.2(b)(1)(A).

Base Offense Level: = 8
SOC-Prior Aggravated Felony Conviction under USSG § 2L1.2(b)(1)(A): = +16 levels
Adjustment-Acceptance of Responsibility under USSG § 3E1.1: = - 3 levels
Total Offense Level: = 21

6. **No Other Adjustments, Departures or Sentence Reductions under 18 U.S.C. § 3553**. The parties agree not to recommend any upward or downward adjustments or departures, including any criminal history departures under USSG § 4A1.3, or other sentence reductions under 18 U.S.C. § 3553.

7. **Acceptance of Responsibility**. Notwithstanding paragraph four above, the Government will <u>not</u> recommend any adjustment for <u>Acceptance of Responsibility</u> if defendant: (a) fails to admit a complete factual basis for the guilty plea at the time it is entered; or (b) denies involvement in the offense, gives conflicting statements about that involvement, or is untruthful with the Court or probation officer; or (c) fails to appear in court; or (d) engages in additional criminal conduct; or (e) attempts to withdraw the guilty plea; or (f) refuses to abide by any lawful court order.

8. **No Agreement as to Criminal History Category**. The parties have no agreement as to defendant's Criminal History Category (CHC). However, based on information presently available to the United States reflected on the defendant's "rap sheet," the disposition offer contained in this plea agreement was made based on the Government's belief that defendant's criminal history placed defendant in CHC III. The parties further agree that in the event contrary or additional information is discovered concerning defendant's criminal history which changes defendant's CHC before defendant is sentenced, then the Government may (a) recommend a sentence based upon the agreed total offense level of 21 at the new CHC; or (b) may withdraw from the plea agreement or move to set aside the guilty plea or both.

9. **Parties' Sentencing Recommendations - Immediate Sentencing**. The parties agree and jointly recommend that the sentence in this matter should be 30 months' imprisonment followed by one year supervised release. The parties further agree and recommend that defendant is to remain outside of the United States during the supervised release period under the provisions of 18 U.S.C. § 3583(d). The parties further agree and recommend immediate sentencing upon specific findings by the Court that there is information in the record sufficient to enable the meaningful exercise of sentencing authority pursuant to 18 U.S.C. § 3553 without a presentence investigation and report. The Court's failure to follow this recommendation does not constitute a basis to withdraw the guilty plea.

10. **Sentence Is Within Sole Discretion of Judge**. This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is <u>not binding on the Court</u>. Likewise, the recommendation made by the Government is not binding on the Court, and defendant's actual sentence remains uncertain at this time. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the guilty plea.

11. **Stipulated Removal**. Either before or immediately following sentencing, defendant stipulates and agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

12. **Defendant Waives Appeal and Collateral Attack**. In exchange for the Government's concessions in this plea agreement, defendant waives, to the full extent of the law, any right to appeal or to collaterally attack the guilty plea, conviction and sentence, including any restitution order, unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing or statutory mandatory minimum term, if applicable. If the custodial sentence is greater than the high end of that range, the defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed. If defendant believes the Government's recommendation is not in accord with this agreement, defendant will object at the time of sentencing; otherwise the objection will be deemed waived. If defendant breaches this plea agreement, at any time, by appealing or collaterally attacking the conviction or sentence, in any way, the Government may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not

Def. Initials: SaJJe

MAR. 3.2008 9:42AM
Case 3:08-cr-00706-W Document 24-4 Filed 09/02/2008 Page 5 of 5
Case 3:08-cr-00706-W Document 18 Filed 04/21/2008 Page 4 of 4 P. 11/11

charged pursuant to this plea agreement. Additionally, the Government may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

13. <u>Crimes after Arrest or Breach of the Agreement Will Permit the Government to Recommend a Higher Sentence or Set Aside the Plea</u>. This plea agreement is based on the understanding that, prior to defendant's sentencing in this case, defendant has not committed or been arrested for any offense not known to the Government. If defendant has engaged in or engages in additional criminal conduct during this period, or breaches any of the terms of any agreement with the Government, the Government will not be bound by the recommendations in this plea agreement, and may recommend any lawful sentence. In addition, at its option, the Government may move to set aside the plea.

14. <u>Entire Agreement - Modification Must Be in Writing - Effective Date</u>. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing signed by all parties. This agreement commences and becomes effective when the parties named below sign and date this document.

15. <u>Defendant and Counsel Fully Understand Agreement - Defendant Satisfied with Counsel</u>. By signing this agreement, defendant certifies that defendant has read it (or that it has been read to defendant in defendant's native language), has discussed its terms with defense counsel and fully understands its meaning and effect. Defendant also has communicated with defense counsel and is satisfied with the representation received.

4/10/08
Dated

KAREN P. HEWITT
United States Attorney

CARLA J. BRESSLER
Assistant U.S. Attorney

4/9/08
Dated

STEPHEN B. DEMIK
Defense Counsel

IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION, PARAGRAPH 4b ABOVE, ARE TRUE.

4/9/08
Dated

SAUL ALEJANDRO VALENCIA-ESTRADA
Defendant

02/28/2008:cs