# Exhibit 5

Case 3:08-cr-00706-W    Document 24-6    Filed 09/02/2008    Page 1 of 12

```
 1                    UNITED STATES OF AMERICA
                     UNITED STATES DISTRICT COURT
 2                 SOUTHERN DISTRICT OF CALIFORNIA

 3
                              - - -
 4              HONORABLE THOMAS J. WHELAN
             UNITED STATES DISTRICT JUDGE PRESIDING
 5                            - - -

 6   UNITED STATES OF AMERICA,      )
                                    )
 7        PLAINTIFF,                )
                                    )
 8   VS.                            )  NO.08CR0706
                                    )
 9   SAUL ALEJANDRO VALENCIA-ESTRADA,)
                                    )
10        DEFENDANT.                )
                                    )
11   _____)

12
                            DISPOSITION
13
              REPORTER'S TRANSCRIPT OF PROCEEDINGS
14                       APRIL 21, 2008
                     SAN DIEGO, CALIFORNIA
15

16

17        MELISSA A. PIERSON, CSR 12499, RPR
             FEDERAL OFFICIAL COURT REPORTER
18            940 FRONT STREET, ROOM 3155
              SAN DIEGO, CALIFORNIA 92101
19              PH:   (619)702-7508
              PIERSON1121@SBCGLOBAL.NET
20

21

22

23

24

25
```

ORIGINAL

```
 1   APPEARANCES OF COUNSEL:

 2   ON BEHALF OF PLAINTIFF:
            KAREN P. HEWITT
 3          UNITED STATES ATTORNEY
            BY:  MR. JOHN OWENS, ESQ.
 4          ASSISTANT UNITED STATES ATTORNEYS
            880 FRONT STREET
 5          FIFTH FLOOR
            SAN DIEGO, CA 92101
 6

 7   ON BEHALF OF DEFENDANT:
            FEDERAL DEFENDERS OF SAN DIEGO
 8          BY:  MR. STEPHEN DEMIK, ESQ.
            225 W. BROADWAY
 9          ST. 900
            SAN DIEGO, CA 92101
10          (619) 234-8467

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT

```
 1              SAN DIEGO, CALIFORNIA; DAY, DATE, 2006
 2                           - - -
 3              (COURT IN SESSION AT 9:00 A.M.)
 4         MADAM CLERK:  CASE NO. 08CR0706, UNITED STATES OF
 5   AMERICA SAUL ALEJANDRO VALENCIA-ESTRADA.
 6         MR. DEMIK:  GOOD MORNING, YOUR HONOR.  STEPHEN
 7   DEMIK, FEDERAL DEFENDERS, ON BEHALF OF MR. VALENCIA-ESTRADA.
 8         THE COURT:  GOOD MORNING, SIR.
 9         MR. OWENS:  GOOD MORNING, YOUR HONOR.  JOHN OWENS
10   FOR THE UNITED STATES.
11         THE COURT:  GOOD MORNING, SIR.
12         MR. DEMIK:  FOR THE RECORD, MR. VALENCIA IS PRESENT
13   BEFORE THE COURT BEING ASSISTED BY THE SPANISH COURT
14   CERTIFIED INTERPRETER.
15         THE COURT:  THANK YOU.  MR. VALENCIA, WOULD YOU
16   PLEASE RAISE YOUR RIGHT HAND TO BE SWORN, SIR?
17                     (DEFENDANT SWORN.)
18         THE COURT:  YOU CAN PUT YOUR HAND DOWN, SIR.
19               SAUL ALEJANDRO VALENCIA-ESTRADA
20   CALLED AS A WITNESS HEREIN HAVING BEEN FIRST DULY SWORN, WAS
21   EXAMINED AND TESTIFIED AS FOLLOWS:
22                         EXAMINATION
23   BY THE COURT:
24   Q.   MR. VALENCIA, HAVE YOU TAKEN THEY DRUGS OR ALCOHOLIC
25   BEVERAGES IN THE PAST 24 HOURS?
```

1  A.  NO.
2  Q.  YOUR ATTORNEY HAS TOLD ME THAT YOU WANT TO PLEAD GUILTY
3  THIS MORNING TO TWO COUNTS OF ILLEGALLY ENTERING THE UNITED
4  STATES.  IS THAT WHAT YOU WANT TO DO, SIR?
5  A.  YES.
6  Q.  IN EXCHANGE FOR YOUR GUILTY PLEAS, YOU AND THE UNITED
7  STATES GOVERNMENT HAVE ENTERED INTO A PLEA AGREEMENT.  YOUR
8  PLEA AGREEMENT IS CONTAINED IN A FOUR-PAGE DOCUMENT.  IN
9  ABOUT THE MIDDLE OF THE LAST PAGE THERE APPEARS TO BE YOUR
10 SIGNATURE, IS THIS YOUR SIGNATURE, SIR?
11 A.  YES.
12 Q.  WAS EVERYTHING IN THE PLEA AGREEMENT EXPLAINED TO YOU IN
13 SPANISH?
14 A.  YES.
15 Q.  DID YOU UNDERSTAND EVERYTHING?
16 A.  YES.
17 Q.  HAVE YOU HAD ENOUGH TIME TO TALK TO YOUR ATTORNEY,
18 MR. DEMIK, BOTH ABOUT THE PLEA AGREEMENT AND ABOUT THE FACTS
19 OF YOUR CASE?
20 A.  YES.
21 Q.  HAS ANYBODY THREATENED YOU OR ANYONE NEAR OR DEAR TO YOU
22 IN ORDER TO GET YOU TO CHANGE YOUR PLEA THIS MORNING?
23 A.  NO.
24 Q.  DO YOU UNDERSTAND THAT WHEN YOU PLEAD GUILTY, YOU GIVE
25 UP YOUR CONSTITUTIONAL RIGHTS?

1  A.  YES.

2  Q.  THOSE RIGHTS INCLUDE YOUR RIGHT TO A TRIAL BY JURY, YOUR

3  RIGHT TO CONFRONT AND CROSS-EXAMINE THE WITNESSES AGAINST YOU

4  AND YOUR RIGHT AGAINST SELF-INCRIMINATION, DO YOU UNDERSTAND

5  YOUR RIGHTS?

6  A.  YES.

7  Q.  DO YOU GIVE THEM UP?

8  A.  YES.

9        THE COURT:  MR. DEMIK, DO YOU JOIN IN THE WAIVER?

10       MR. DEMIK:  I DO.

11 BY THE COURT:

12 Q.  DO YOU UNDERSTAND THAT THE MAXIMUM PUNISHMENT FOR THE

13 MISDEMEANOR OFFENSE IS UP TO SIX MONTHS IN JAIL, THERE IS A

14 FINE UP TO $5,000 AND A MANDATORY SPECIAL ASSESSMENT OF $10.

15       WITH REGARD TO THE FELONY OFFENSE, THE MAXIMUM

16 PUNISHMENT IS UP TO 24 MONTHS IN JAIL, THERE IS A FINE UP TO

17 $250,000, A MANDATORY SPECIAL ASSESSMENT OF $100, AND

18 FOLLOWING YOUR RELEASE FROM CUSTODY, YOU WOULD BE ON

19 SUPERVISED RELEASE FOR ONE YEAR.  ARE YOU AWARE OF THE

20 MAXIMUM PUNISHMENT YOU WILL BE FACING, SIR?

21 A.  YES.

22 Q.  AS A FACTUAL BASIS FOR YOUR PLEA TO THE MISDEMEANOR

23 OFFENSE, ON FEBRUARY 4TH, OF THIS YEAR, DID YOU EITHER ENTER

24 OR TRY TO ENTER THE UNITED STATES WITHOUT PERMISSION, IS THAT

25 WHAT HAPPENED?

1  A.   YES.

2  Q.   AS A FACTUAL BASIS FOR YOUR PLEA TO COUNT 2, THE FELONY

3  OFFENSE, ON FEBRUARY 11TH, OF THIS YEAR, DID YOU, AGAIN,

4  EITHER ENTER OR TRY TO ENTER THE UNITED STATES WITHOUT

5  PERMISSION AFTER HAVING DONE THE SAME THING ON FEBRUARY 4TH,

6  IS THAT WHAT HAPPENED?

7  A.   YES.

8           THE COURT:  IS THE GOVERNMENT SATISFIED?

9           MR. OWENS:  IT IS, YOUR HONOR, THANK YOU.

10          THE COURT:  THE COURT'S SATISFIED.

11 BY THE COURT:

12 Q.   I FIND YOU IN FULL POSSESSION OF YOUR FACULTIES, SIR.  I

13 FIND THAT YOU UNDERSTAND THE NATURE OF THE PROCEEDINGS, THE

14 CONSEQUENCES OF YOUR PLEA.  I FIND THAT YOU UNDERSTAND YOUR

15 CONSTITUTIONAL RIGHTS, AND THAT YOU HAVE MADE A KNOWING,

16 INTELLIGENT AND VOLUNTARY WAIVER OF YOUR RIGHTS.  PERMISSION

17 TO WITHDRAW YOUR NOT GUILTY PLEA TO THE INFORMATION IS

18 GRANTED.

19          HOW DO YOU PLEA TO THE CHARGE THAT ON OR ABOUT

20 FEBRUARY THE 4TH, 2008, WITHIN THE SOUTHERN DISTRICT OF

21 CALIFORNIA, THE DEFENDANT, SAUL ALEJANDRO VALENCIA-ESTRADA,

22 BEING AN ALIEN, UNLAWFULLY ENTERED OR ATTEMPTED TO ENTER THE

23 UNITED STATES, AT A TIME AND PLACE OTHER THAN DESIGNATED BY

24 IMMIGRATION OFFICERS, AND ELUDED EXAMINATION AND INSPECTION

25 BY IMMIGRATION OFFICERS, AND ATTEMPTED TO ENTER OR OBTAINED

```
 1   ENTRY INTO THE UNITED STATES BY A WILLFULLY FALSE OR
 2   MISLEADING REPRESENTATION OR THE WILLFUL CONCEALMENT OF A
 3   MATERIAL FACT IN VIOLATION OF TITLE 8, UNITED STATES CODE,
 4   SECTION 1325, A MISDEMEANOR, GUILTY OR NOT GUILTY, SIR?
 5   A.   GUILTY.
 6   Q.   HOW DO YOU PLEA TO THE CHARGE IN COUNT 2, THAT ON OR
 7   FEBRUARY 11, 2008, WITHIN THE SOUTHERN DISTRICT OF
 8   CALIFORNIA, THE DEFENDANT, SAUL ALEJANDRO VALENCIA-ESTRADA,
 9   BEING AN ALIEN, UNLAWFULLY ENTERED OR ATTEMPTED TO ENTER INTO
10   THE UNITED STATES AT A TIME AND PLACE OTHER THAN DESIGNATED
11   BY IMMIGRATION OFFICERS, AND ELUDED EXAMINATION AND
12   INSPECTION BY IMMIGRATION OFFICERS, AND ATTEMPTED TO ENTER OR
13   OBTAINED ENTRY INTO THE UNITED STATES BY A WILLFULLY FALSE OR
14   MISLEADING REPRESENTATION, OR THE WILLFUL CONCEALMENT OF A
15   MATERIAL FACT, AND PREVIOUSLY COMMITMENT THE OFFENSE OF
16   ILLEGAL ENTRY, AS CHARGED IN COUNT 1, ALL IN VIOLATION OF
17   TITLE 8, UNITED STATES CODE, SECTION 1325, A FELONY, GUILTY
18   OR NOT GUILTY, SIR?
19   A.   GUILTY.
20   Q.   I ACCEPT BOTH YOUR GUILTY PLEAS.
21        MR. VALENCIA, YOUR PLEA AGREEMENT INDICATES YOU
22   WANT ME TO SENTENCE YOU THIS MORNING.  DO YOU WANT ME TO DO
23   THAT, SIR?
24   A.   YES, SIR.
25        THE COURT:  BY WAY OF BACKGROUND, I HAVE READ AND
```

```
 1   CONSIDERED THE PLEA AGREEMENT BETWEEN THE PARTIES, THE
 2   GOVERNMENT'S SENTENCING SUMMARY CHART ALONG WITH THE ATTACHED
 3   RAP SHEET SUMMARY.  BASED ON THE INFORMATION BEFORE ME, I
 4   BELIEVE THAT I HAVE SUFFICIENT SENTENCING INFORMATION TO
 5   MEANINGFULLY EXERCISE MY DISCRETION WITHOUT THE NEED OF A
 6   PRE-SENTENCE REPORT OR INVESTIGATION.  DOES EITHER COUNSEL
 7   DISAGREE WITH THAT.
 8          MR. DEMIK:  I DON'T DISAGREE, YOUR HONOR.
 9          MR. OWENS:  NO, YOUR HONOR.
10          THE COURT:  DO YOU WAIVE ARRAIGNMENT FOR JUDGMENT
11   AND SENTENCE, MR. DEMIK?
12          MR. DEMIK:  YES.
13          THE COURT:  IS THERE ANY LEGAL CAUSE NOT TO
14   PROCEED?
15          MR. DEMIK:  NO.
16          THE COURT:  THE TENTATIVE WOULD BE TOF FOLLOW THE
17   PLEA AGREEMENT BETWEEN THE PARTIES.  I WILL LISTEN TO
18   EVERYBODY.
19          MR. DEMIK:  YOUR HONOR, I WILL SUBMIT ON THE PLEA
20   AGREEMENT.
21          MR. OWENS:  SUBMIT, YOUR HONOR.
22          THE COURT:  MS. VALENCIA, ANYTHING YOU WANT TO SAY,
23   SIR?  YOU DON'T HAVE TO SAY ANYTHING, BUT YOU CAN IF YOU WANT
24   TO.
25          THE DEFENDANT:  WELL, IT'S THAT, I APOLOGIZE FOR
```

1  DOING WHAT I DID. I HAVE FAMILY WAITING FOR ME. THAT'S ALL.
2  THANK YOU, AND PLEASE GO AHEAD AND IMPOSE THE SENTENCE.
3         THE COURT: ALL RIGHT. IN THIS MATTER, THEN, THE
4  COURT FINDS THE PLEA AGREEMENT DOES COMPLY WITH THE
5  PROVISIONS OF 6(B)1.2 OF THE SENTENCING GUIDELINES. IT DOES
6  ADEQUATELY REFLECT THE SERIOUSNESS OF THE OFFENSE, AND WILL
7  NOT UNDERMINE THE STATUTORY PURPOSE OF SENTENCE.
8         FOR ADVISORY PURPOSES UNDER THE GUIDELINES HIS BASE
9  OFFENSE LEVEL IS EIGHT. BECAUSE OF HIS PREVIOUS DEPORTATION
10 AFTER A FELONY CONVICTION, HIS BASE OFFENSE LEVEL IS
11 INCREASED BY 16. I WOULD ADJUST ALL THAT DOWNWARDS THREE
12 LEVELS BY GRANTING THE GOVERNMENT'S MOTION FOR A THIRD LEVEL
13 OFF FOR ACCEPTANCE OF RESPONSIBILITY PURSUANT TO GUIDELINE
14 SECTION 3(E)1.1.
15        THAT GIVES ME AN ADJUSTED OFFENSE LEVEL OF 21, A
16 CRIMINAL HISTORY SCORE OF SIX, A CRIMINAL HISTORY CATEGORY OF
17 THREE. THE RESULTING ADVISORY GUIDELINE RANGE IS FROM 46 TO
18 57 MONTHS. BECAUSE THE GUIDELINE RANGE EXCEEDS THE STATUTORY
19 MAXIMUM, THE STATUTORY MAXIMUM BECOMES THE GUIDELINE RANGE.
20        THEREFORE, PURSUANT TO THE SENTENCING REFORM ACT OF
21 1984, IT WOULD BE THE JUDGMENT AND SENTENCE OF THIS COURT
22 THAT THE DEFENDANT BE AND HEREBY IS COMMITTED TO THE CUSTODY
23 OF THE BUREAU OF PRISONS FOR A TERM OF IMPRISONMENT OF SIX
24 MONTHS ON COUNT 1, 24 MONTHS ON COUNT 2. THOSE TERMS ARE TO
25 RUN CONSECUTIVE WITH EACH OTHER FOR A TOTAL TERM OF 30 MONTHS

| | |
|---|---|
| 1 | IN CUSTODY.  STATUTORY FINES ARE NOT IMPOSED DUE TO HIS |
| 2 | INABILITY TO PAY. |
| 3 |     MR. OWENS, IS THE GOVERNMENT MOVING TO WAIVE $110 |
| 4 | IN SPECIAL ASSESSMENTS? |
| 5 |     MR. OWENS:  IT IS, YOUR HONOR, THANK YOU. |
| 6 |     THE COURT:  SPECIAL ASSESSMENTS ARE WAIVED ON |
| 7 | MOTION OF THE GOVERNMENT. |
| 8 |     FOLLOWING YOUR RELEASE FROM CUSTODY, MR. VALENCIA, |
| 9 | YOU WILL BE ON SUPERVISED RELEASE FOR A PERIOD OF ONE YEAR. |
| 10 |     I WILL IMPOSE ALL THE STANDARD TERMS AND CONDITIONS |
| 11 | OF SUPERVISION AND JUST ONE SPECIAL CONDITION.  THAT SPECIAL |
| 12 | CONDITION, SIR, IS THAT YOU ARE TO STAY OUTSIDE THE UNITED |
| 13 | STATES FOR THE YEAR YOU ARE ON SUPERVISED RELEASE.  GOOD LUCK |
| 14 | TO YOU, SIR.  THANK YOU, MR. DEMIK, MR. OWENS. |
| 15 |     MR. OWENS:  APPEAL IS WAIVED IN THIS CASE, YOUR |
| 16 | HONOR? |
| 17 |     THE COURT:  IS THAT CORRECT, MR. DEMIK? |
| 18 |     MR. DEMIK:  THAT'S CORRECT. |
| 19 |     THE COURT:  THANK YOU. |
| 20 |     (WHICH WERE ALL THE PROCEEDINGS |
| 21 |     HAD IN THE ABOVE-ENTITLED CAUSE.) |
| 22 | |
| 23 | |
| 24 | |
| 25 | |

```
 1                    CERTIFICATE OF REPORTER
 2
 3   COUNTY OF SAN DIEGO        )
 4                              ) SS.
 5   STATE OF CALIFORNIA        )
 6
 7   I, MELISSA A. PIERSON, OFFICIAL COURT REPORTER, REGISTERED
 8   PROFESSIONAL REPORTER, IN AND FOR THE UNITED STATES DISTRICT
 9   COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, DO HEREBY
10   CERTIFY THAT I REPORTED, STENOGRAPHICALLY, THE FOREGOING
11   PROCEEDINGS AT THE TIME AND PLACE HEREINBEFORE SET FORTH;
12   THAT THE SAME WAS THEREAFTER REDUCED TO TYPEWRITTEN FORM BY
13   MEANS OF COMPUTER-AIDED TRANSCRIPTION; AND I DO FURTHER
14   CERTIFY THAT THIS IS A TRUE AND CORRECT TRANSCRIPTION OF MY
15   STENOGRAPHIC NOTES.
16
17
18   DATE:  8/12/08
19
20   _____
21   MELISSA A. PIERSON, CSR 12499 RPR
22   FEDERAL OFFICIAL COURT REPORTER
23
24
25
```